LAW OFFICE OF
# EDWARD T. SAADI, LLC

ADMITTED TO PRACTICE IN
OHIO, CALIFORNIA, & WASHINGTON, D.C.

FILED ORIGINAL

2007 NOV -6  P 5: 13

4527 South Avenue Suite 1
BOARDMAN, OHIO 44512

RICHARD W. WIEKING
CLERK            (330) 782-1954
U.S. DISTRICT COURT FAX (330) 266-7489
NO. DIST. OF CA. S.J.

November 2, 2007

**RE: Opening of New Miscellaneous Case for the Purpose of Issuing a Subpoena**
 **Saadi v. John Doe #1 aka "Losers," et. al.**
 **(original case no. 07-CV-01976-SCB-MAP pending in the U.S. District Court for the Middle District of Florida)**

**VIA FEDERAL EXPRESS**

Clerk, U.S. District Court
Northern District of California, San Jose Division
280 South 1st Street
San Jose, CA 95113

CV 07 - 80255 MISC. RMW

HRL

To Whom It May Concern:

I am enclosing herewith the necessary documents to open a new "miscellaneous" case in the Northern District of California, San Jose Division. The purpose of opening the new miscellaneous case is so that I may, upon the opening of the case, obtain a subpoena issued from the Northern District of California to be served on Google, Inc., which is headquartered in Mountain View, California in Santa Clara County. The original case to which the subpoena will pertain is currently pending in the Middle District of Florida, Tampa Division, and bears case no. 07-CV-01976-SCB-MAP. Although I am an attorney, I am representing myself pro-se in this matter and I am licensed in neither the Northern District of California nor the Middle District of Florida, therefore, the subpoena will have to be issued by the clerk rather than by me as an officer of the court.

To that end, please find enclosed the following:

1. An original and two photocopies of a *Civil Cover Sheet*;

2. An original and two photocopies of this letter;

3. Three photocopies of the Complaint from case no. 07-CV-01976-SCB-MAP in the Middle District of Florida; and

4. The required filing fee of $39.00 payable to "Clerk, U.S. District Court."

LAW OFFICE OF
# EDWARD T. SAADI, LLC

Please file these in your usual manner, and return one time-stamped photocopy of each document to me in the enclosed self-addressed stamped return envelope.

If you would be so kind, upon opening the case *please also drop into the enclosed return envelope a signed but otherwise blank subpoena* which I will then fill out and serve upon Google, Inc.

Please contact me at the above telephone if there are any questions. Thank you.

Sincerely,

*[signature]*

Edward T. Saadi, Esq.

Enclosures (As Stated)

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EDWARD T. SAADI, an Individual, | CASE NO.: |
| Plaintiff, | Judge: |
| v. | |
| JOHN DOE #1, aka "Losers," an individual whose name is presently unknown, and JOHN DOES #2-12, individuals, corporations, organizations, or other legal entities whose names are presently unknown, | |
| Defendants | |

**ORIGINAL**

**DUPLICATE**

CV 07 - 80255 MISC. RMW HRL

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff EDWARD T. SAADI ("Saadi"), pro se, hereby sues Defendants, JOHN DOES #1-12, in this action for injunctive relief and damages and states:

### INTRODUCTION

1. This is an action for injunctive relief and damages arising out of the posting of false and defamatory statements on an internet "blog" by or with the assistance or participation of Defendants.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this is an action for money damages between citizens of different States, in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Venue is properly laid in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. §1391, because a substantial part of the events giving rise to the claims alleged by Saadi occurred in this district or because one or more

1

Defendants are subject to personal jurisdiction in this district and there is no other district in which the action may otherwise be brought.

4. Defendants are subject to personal jurisdiction in Florida and this district because they: (a) are residents of Florida and this district; (b) have their principal place of business in Florida and this district; (c) engaged in substantial and not isolated activities in Florida and this district; (d) committed tortious acts within Florida and this district; and/or (e) caused injury to persons located in Florida and this district, while at the same time they engaged in solicitation and service activities within Florida and this district.

## PARTIES

5. Saadi is an individual and citizen of the United States and a resident and citizen of the State of Ohio.

6. The true name of Defendant JOHN DOE #1, aka "Losers," is unknown to Saadi, who therefore sues this Defendant under such fictitious name. Saadi is informed and believes, and on such information and belief alleges, that Defendant JOHN DOE #1 is a resident of St. Petersburg, Florida, and a citizen of Florida. Saadi will amend, or ask leave of court to amend, this Complaint and insert Defendant JOHN DOE #1's true name in place of the fictitious name when the same has become known to Saadi.

7. The true names of Defendants JOHN DOES #2-12, are unknown to Saadi, who therefore sues said Defendants under such fictitious names. Saadi is informed and believes, and on such information and belief alleges, that each of Defendants JOHN DOES #2-12 published false and defamatory statements concerning Saadi on an internet "blog" and/or other internet sites or assisted or participated in the doing of

same by other Defendants. Saadi will amend. or seek leave of court to amend. this Complaint and insert their true names in place of their fictitious names when the same have become known to Saadi.

## COMMON ALLEGATIONS

8. Saadi is a 1993 graduate of Georgetown University and a 1996 graduate of the Georgetown University School of Law. Saadi is an attorney licensed to practice law in state and/or federal courts in Ohio, California, Michigan, and the District of Columbia. Saadi maintains a sole-practitioner law firm located in northern Ohio.

9. The Internet is the world's largest network of computer networks. It is a decentralized, global medium of communications that links people and businesses around the world, allowing instantaneous sharing of information. In recent years, the commercial aspects of the Internet have mushroomed. with millions upon millions of individuals and commercial enterprises engaging in daily transactions and making financial and business decisions based upon information found on the Internet. Currently, tens of millions of computers in the United States alone are linked directly to the Internet. and more than 100 million users connect to the Internet worldwide. Countless users spend hours browsing the Internet each day. scouring different sites for information relevant to their business, financial and personal decisions.

10. The World Wide Web (the "Web") is the most popular way to provide and retrieve information on the Internet. Anyone with access to the Internet and proper software can post content on the Web, which may contain many different types of digital information—text, images, sound, and even video. The Web is comprised of millions of separate but interconnected "Web sites" which in turn may have hundreds of

separate "Web pages" that display content provided by particular persons or organizations.

11. Google, Inc. ("Google") is a global Internet media company, whose "Google" Web Site (http://www.google.com) is one of the most popular destinations on the Web.

12. Among Google's most popular offerings is its Web site known as "BlogSpot" (http://www.blogspot.com), in which users can design, build, and publish an on-line publicly accessible diary known as a "blog." Such blogs can be viewed and read by anyone with access to the Web. Each day, countless users around the world read these blogs.

13. One blog available on Google's "BlogSpot" Web site is located at http://biggestloosers.blogspot.com (hereinafter the "Blog").

14. Defendant JOHN DOE #1 has posted false and defamatory statements regarding Saadi on the Blog using the alias "Losers." Examples of these postings are attached hereto as "Exhibit A" and "Exhibit B."

15. Since their posting, the false and defamatory statements regarding Saadi have remained available to millions of Internet users, many of whom may have made copies of the false and defamatory statements and/or redistributed them by electronic mail or other means and/or re-posted them on other Web sites and blogs, and Saadi has no means of removing these false and defamatory statements from the Internet.

16. All conditions precedent to the maintenance of this action have been performed, discharged, waived, or otherwise satisfied.

## COUNT I – DEFAMATION

17. Paragraphs 1-16 are hereby re-alleged and incorporated herein by reference.

18. Defendants published false and defamatory statements about Saadi, including those contained in the postings to the Blog.

19. The false and defamatory statements published by Defendants regarding Saadi, as reasonably understood, impugn the integrity and competence of Saadi, discredit Saadi's business methods, undermine the confidence of the public and Saadi's clients in Saadi's business, and/or drive away the public and Saadi's clients from using Saadi's services.

20. Defendants owed and owe a duty to Saadi to not publish false and defamatory statements about Saadi. In publishing the false and defamatory statements about Saadi, Defendants breached that duty.

21. In publishing the false and defamatory statements about Saadi, Defendants knew, or in the exercise of reasonable care should have known, that the statements were false.

22. In publishing the false and defamatory statements about Saadi, Defendants acted with malice, actual malice, with knowledge that the statements were false, and/or with reckless disregard for their truth or falsity.

23. Since their posting, the false and defamatory statements published by Defendants regarding Saadi have remained available to millions of Internet users, many of whom may have made copies of the false and defamatory statements and/or redistributed them by electronic mail or other means and/or re-posted them to other blogs, Internet forums, and message boards, and Saadi has no means of removing these false and defamatory statements from the Internet.

24. As a result of the foregoing publication of defamatory statements by Defendants, Saadi has been damaged, including but not limited to damage to his reputation, and loss of business.

25. In carrying out the foregoing conduct, Defendant(s) acted negligently, willfully, maliciously, and/or with reckless indifference to the consequences of their actions and the rights of Saadi.

26. The false and defamatory statements published by the Defendants, when considered alone, without innuendo, tend to subject Saadi to hatred, distrust, ridicule, contempt, or disgrace, tend to injure Saadi in his trade or profession, and/or attribute to Saadi conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession, or office.

WHEREFORE, Saadi demands judgment against Defendant(s), jointly and severally, for money damages in an amount to be proved at trial but which is in excess of $75,000.00, punitive damages, pre- and post-judgment interest, attorney's fees, litigation expenses, and costs.

## COUNT II -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Paragraphs 1-26 are hereby re-alleged and incorporated herein by reference.

28. The Defendants, by and through the making of such false, defamatory, and libelous statements, behaved intentionally and/or recklessly.

29. The Defendants, by and through the making of such false, defamatory, and libelous statements, intended to cause emotional distress upon Saadi.

30. The Defendants' making of such false, defamatory, and libelous statements was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

31. Saadi suffered severe emotional distress and emotional injury.

32. The Defendants' actions, as aforesaid, were the direct and proximate cause of such severe emotional distress and emotional injury to Saadi.

33. Saadi suffered and continues to suffer mental anguish as a result of being defamed and libeled by the Defendants, and said mental anguish is of a nature that no reasonable person could be expected to endure.

WHEREFORE, Saadi demands judgment against Defendant(s), jointly and severally, for money damages in an amount to be proved at trial but which is in excess of $75,000.00, punitive damages, pre- and post-judgment interest, attorney's fees, litigation expenses, and costs.

## COUNT III – PRELIMINARY AND PERMANENT INJUNCTION

34. Paragraphs 1-33 are hereby re-alleged and incorporated herein by reference.

35. Upon information and belief, some or all of the improper and unlawful conduct of Defendants alleged above is continuing and will continue in the future absent injunctive relief from the Court, and Saadi will continue to be damaged by same.

36. In the absence of the entry of a preliminary and permanent injunction by the Court, Saadi will suffer serious and irreparable harm and injury, including but not limited to damage to his reputation, and loss of business.

37. The entry of a preliminary and permanent injunction will not unduly harm or burden Defendants because they are required as a matter of law to refrain from disseminating confidential and/or defamatory information regarding Saadi.

38. Public policy favors the entry of a preliminary and permanent injunction because, *inter alia*, such relief will prevent unlawful conduct, will preserve and protect Saadi's reputation, and will promote business, thereby encouraging economic prosperity.

39. The aforesaid publication of false and defamatory statements by the Defendants has interfered with and is interfering with Saadi's present and prospective business relationships.

WHEREFORE, Saadi demands the entry of a preliminary and permanent injunction preventing the Defendants from disseminating (via the internet or any other means) any false and defamatory statement regarding Saadi and requiring Defendants to take all steps available and necessary to remove the false and defamatory statements published by Defendants from the internet.

Dated this 31 day of October, 2007

EDWARD TUFIC SAADI
*Pro-Se* Plaintiff
4527 South Avenue, Suite #1
Boardman, Ohio 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

Edward T. Saadi

## JURY DEMAND

Plaintiff Edward Tufic Saadi hereby requests a trial by jury.

Dated this 31 day of October, 2007

EDWARD TUFIC SAADI
*Pro-Se* Plaintiff
4527 South Avenue, Suite #1
Boardman, Ohio 44512
(330) 782-1954
(330) 266-7489 (fax)
EdwardSaadi@aol.com

Edward T. Saadi

Case 5:07-mc-80255-RMW    Document 1    Filed 11/06/2007    Page 11 of 13
POLITICALLY INCORRECT
Case 5:07-cv-04976-JSCB-MAP    Document 1-2    Filed 11/01/2007    Page 4 of 10

While in his visit to Qatata, Aoun got drunk and showed his real face-------chucky.

The Aounists believe that Aoun belong in Baabda Palace, the rest of the world believe that he belong in Deir el-Salib (Rehab center for the mentally ill) where he was admitted once for treatement.

Visit This Nice Blog

POSTED BY LOSERS AT 9:51 PM    LINKS TO THIS POST

FRIDAY, MARCH 10, 2006

## Tayyar.org & FPM Forum Teams

Update:

the Aounist geeks "lobby" in the US.

Tony Haddad. He ran away from Lebanon in 1975 when the war started only to come back with Aoun in 2005 as a liberator. He owns a gas station in DC area. his activities in lobbying is based on his friendship with the chief of staff of E. Engel. What does a gas station boy know about politics and lobbying??? hmm, not much, hahaha

Gabby Issa: just a translator from Detroit. very disturbed individual.

Edward Saadi, a nerd/geek/stalker form Ohio. He claims to have a law degree but he never worked or tried a case. Too geeky to stand before a judge. he is mentally unstable and has a complex. He hates anyone who is successful or good looking because he lacks both.

hahah, and the losers call this a lobby.

http://www.lfpm.org/forum/

Jad Asswad; he is the Adminstrator of tayyar forum lfpm. He goes by the screen name X . He is related to Elie Asswad ex-LF leader (HK). Jad is known to be an emotional and a disturbed individual. As a geek, he spends his time behind his computer screen hunting Aoun's rivals. The man is his idol.

**The Paris Tayyar.org Website Team:**

Site Coordinator:

EXHIBIT "A"

http://biggestloosers.blogspot.com/

Case 5:07-mc-80255-RMW   Document 1   Filed 11/06/2007   Page 12 of 13
Case 8:07-cv-01976-SCB-MAP   Document 1-2   Filed 11/01/2007   Page 2 of 3
POLITICALLY INCORRECT   Page 4 of 5

POSTED BY LOSERS AT 8:05 PM

## Where is our money?

It is a common knowledge that Aoun took, not to say stole, money from Lebanon when he ran away to France in 1990. Aoun himself admitted to this fact when he complained that the customs at Rafiq HAriri International Airport stopped his wife and that of Issam Abu Jamra, and tried to prevent them from taking Samsonites filled with money, the Christian's money which they donated to fight the war on Syria. However, many still wonder, where is that money and who is benefiting from them? Well, after some thorough investigations, it became clear that more than one person is investing this money in coordination with Aoun. For example:

1) Nabil Sahlani: He is related to Aoun and he used to work on a gas station in Cleveland, Ohio. Today, he owns a construction company in North Carolina funded by the money Aoun stole from Lebanon. Sahlani shares his profit with Aoun and to fund the FPM activities, especially in registering students in universities who in turn vote for the FPM.

2) Tony Haddad: He also used to work on a gas station in Detroit, Michigan. Today, however, he owns a gas station in Maryland. He also shares the profit with Aoun and the FPM.

3) Gabby Issa: this guy suddenly became a business man. He's got money yet it is not clear where it suddenly came from. However, knowing that he is in cahoots with Haddad, it was evident that his money is also from Aoun. Issa is Aoun's messenger and contact with the Syrian Ba'ath regime.

4) Edward T. Saadi: Although he still has no job and living off his retired father's salary, he did not get any money for investment. But they bought him a new car.

It is important to note that none of these guys ever lived the war in Lebanon. They ran away like cowards when the first bullet was fired leaving their people to be slaughtered. However, they tried to present themselves as Lebanon's liberators today until Aoun allied himself with Hizbullah, a terrorist organization, and became one of Syria's puppets in Lebanon.

EXHIBIT "B"

http://biggestloosers.blogspot.com/2006_02_01_biggestloosers_archive.html

POLITICALLY INCORRECT

We support Aoun's call for reform and for opening all files, starting with his theft of our money.

POSTED BY LOSERS AT 10:39 AM

http://biggestloosers.blogspot.com/2006_02_01_biggestloosers_archive.html